IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

ROBERT BETHEL,

      Petitioner,

      -vs-

DAVID BOBBY, Warden,

      Respondent.

:

:

:

Case No. 2:10-cv-391

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Respondent's Motion to Dismiss Grounds for Relief Twenty-Four and Twenty-Five (Doc. No. 29). Petitioner opposes the Motion (Doc. No. 30) and Respondent has filed a Reply (Doc. No. 33). The Court heard oral argument on the Motion as part of the oral argument on parallel motions in *Sheppard v. Robinson*, Case No. 1:12-cv-198 and *Gapen v. Bobby*, Case No. 3:08-cv-280 which has been transcribed and filed in the *Gapen* case (Doc. No. 164).

Although no relevant rule is cited by the Warden, the Motion is presumably made under Fed. R. Civ. P. 12(b)(6). Such motions are classified as dispositive under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, requiring a recommended disposition from a referral Magistrate Judge.

The added Grounds for Relief are as follows:

> **TWENTY-FOURTH GROUND FOR RELIEF**. BETHEL'S EXECUTION WILL VIOLATE THE EIGHTH AMENDMENT BECAUSE OHIO'S LETHAL INJECTION PROTOCOL WILL RESULT IN CRUEL AND UNUSUAL PUNISHMENT.

**TWENTY-FIFTH GROUND FOR RELIEF:** BETHEL'S'S EXECUTION WILL VIOLATE THE FOURTEENTH AMENDMENT BECAUSE OHIO'S LETHAL INJECTION PROTOCOL WILL DEPRIVE HIM OF EQUAL PROTECTION OF THE LAW.

(Amended Petition, Doc. No. 24, PageID 361.)

The Warden claims that, even if these two Grounds for Relief were successful, they would not preclude the State from executing Bethel. The Warden notes that Bethel is a co-plaintiff in *In re: Ohio Lethal Injection Protocol Litigation*, Case No. 2:11-cv-1106, a § 1983 case now pending before Judge Frost of this Court, in which plaintiffs claim that Ohio's current lethal injection protocol is unconstitutional under the Eighth and Fourteenth Amendments. The Warden reads Bethel's Complaint in that case as conceding that Ohio can carry out his sentence in a constitutional manner and requesting that the Court order the State to do so. (Motion, Doc. No. 29, PageID 382). The Warden argues that "Bethel sets forth nothing to distinguish the claims he makes in his simultaneous civil suit." *Id*. at 383. Since the Court, per Judge Frost, has found the claims cognizable under 42 U.S.C. § 1983, that "conclusively establishes that the claims do *not* call into question the legal validity of the adjudged sentence of death."

Bethel responds by invoking *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), where the Sixth Circuit allowed a challenge to Ohio's lethal injection protocol to proceed in habeas corpus (Response, Doc. No. 30, PageID 390). He cites a number of other pending capital habeas corpus cases in which other judges of this Court have found lethal injection protocol challenges cognizable in habeas. *Id*. at 392, citing *Lindsey v. Robinson*, No. 1:03-cv-702, Opinion and Order granting leave to amend petition, Doc. No. 94, PageID 1259-60 (S.D. Ohio, July 5, 2012); *Braden v. Bagley*, No. 2:04-cv-842, Opinion and Order granting leave to amend petition, Doc. No. 77, PageID 1148-49 (S.D. Ohio, July 5, 2012) (same); *Davis v. Bobby*, No. 1:10-cv-107, Opinion and Order granting leave to amend petition, Doc. No. 34, PageID 527-28 (S.D. Ohio, July 5, 2012) (same); *Hill v.*

*Mitchell*, No. 1:98-cv-452, Opinion and Order granting leave to amend petition, Doc. No. 230, PageID 2435-36 (S.D. Ohio, July 5, 2012) (same); *see also Chinn v. Bradsaw*, No. 3:02-cv-512, Opinion and Order adopting Report and Recommendation over Respondent's objections and granting leave to amend habeas petition, PageID 1143-44 (S.D. Ohio, July 5, 2012).  Bethel concludes by noting that

> seeking an injunction ordering the State to adopt a facially constitutional execution policy is certainly not conceding that Ohio can constitutionally carry out lethal injection executions. And asking the court to order the State to follow its own laws in executing its citizens does not in any way concede that the State can actually do that.

*Id*. at PageID 393.

The Magistrate Judge had understood that, at the outset of the injection protocol case, plaintiffs had conceded to Judge Frost that the injunctive relief they sought was possible to grant. Be that as it may, Bethel now denies any such concession and makes it clear he seeks, in this habeas case, a writ which would prohibit altogether his execution by lethal injection.  That position brings Bethel's lethal injection claims squarely within the holding of *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011):

> The Warden's contention that *Hill [v. McDonough*] "holds that a challenge to the particular means by which a lethal injection is to be carried out is non-cognizable in habeas" is too broad. Nowhere in *Hill* or *Nelson* does the Supreme Court state that a method-of-execution challenge is not cognizable in habeas or that a federal court "lacks jurisdiction" to adjudicate such a claim in a habeas action. Whereas it is true that certain claims that can be raised in a federal habeas petition cannot be raised in a § 1983 action, see *Preiser*, 411 U.S. at 500, it does not necessarily follow that any claim that can be raised in a § 1983 action cannot be raised in a habeas petition, see *Terrell v. United States*, 564 F.3d 442, 446 n.8 (6th Cir. 2009). Moreover, *Hill* can be distinguished from this case on the basis that Adams has not conceded the existence of an acceptable alternative procedure. See 547 U.S. at 580. Thus, Adams's lethal-injection claim, if successful, could render his

> death sentence effectively invalid. Further, *Nelson's* statement that "method-of-execution challenges fall at the margins of habeas," 541 U.S. at 646, strongly suggests that claims such as Adams's can be brought in habeas.

*Id*. at 483.

The Warden includes in his Memorandum a section on the correct reading of *Scott v. Houk*, 127 Ohio St. 3d 317 (2010), where the Ohio Supreme Court answered a certified question from Judge Adams of the Northern District on the existence of an Ohio cause of action to challenge a lethal injection protocol.  The Magistrate Judge adheres to the reading of *Scott* which is set out in the Report and Recommendations on the parallel Motion in *Gapen*.  Ultimately, however, that question need not be decided now because the Warden has not moved to dismiss for procedural default as he did in *Gapen*.  In light of *Scott*, however, it does not appear that there now exists an Ohio forum in which Bethel could begin to litigate the constitutionality of these claims.

Accordingly, the Warden's Motion to Dismiss should be denied.

August 28, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).