# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ROBERT BETHEL,

:

    Petitioner,                          Case No. 2:10-cv-391

:          District Judge Michael R. Barrett
   -vs-                              Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

:

    Respondent.

## DECISION AND ORDER STRIKING *PRO SE* MOTION TO STAY

       This capital habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner Robert Bethel's *Pro Se* Motion to Stay Federal Habeas Proceedings and Hold Them in Abeyance to Permit Petitioner to Return to State Court to Exhaust Evidence Developed During Federal Habeas Proceedings (ECF No. 160).

       Petitioner is represented in this case by counsel from both the Capital Habeas Unit of the Federal Public Defender's Office for this District: Justin Thompson, who is designated as trial attorney; Jordan Berman from the same office; and Rachel Troutman of the Death Penalty Division of the Ohio Public Defender's Office. None of these attorneys has signed the Motion.

       As justification for filing the Motion *pro se*, Bethel recites:

> To establish that he was unavoidably prevented from bringing his Ineffective Assistance of Counsel claim until now in the State Courts, Bethel relies on affidavits from both of his current appellate counsel, Justin Thompson and Rachel Troutman. Thus, due to their being witnesses to support this claim for relief, per Ohio Prof. Cond.

1

> R. 3.7, they are unable to litigate this claim. As a result. Bethel is litigating this claim pro se.

(ECF No. 160, PageID 9260, n.1). The referenced Affidavits of Attorney Troutman and Attorney Thompson are captioned in the underlying criminal case in the Franklin County, Ohio, Court of Common Pleas (Case No. 00CR116600); they are filed in this case only as exhibits to the Motion and they do not purport to be in support of the Motion, but rather in support of Petitioner's new Petition for Post-Conviction Relief in Judge Richard A. Frye's court (ECF No. 160-5, PageID 9298-99; ECF No. 160-6, PageID 9300-01). Both were signed in December 2020 and appear to have been drafted by the Affiants.

Petitioner relies on Ohio R. Prof. Conduct 3.7[1] for the proposition that Attorneys Troutman and Thompson cannot "litigate this claim." It is unclear in context whether Bethel is referring to the instant Motion or to the new proceeding before Judge Frye; Petitioner has not included a copy of the filing in Judge Frye's court.

In any event, Rule 3.7 does not on its face prohibit Attorneys Troutman and Thompson from litigating a motion to stay in this case in this Court. The Rule reads "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness . . . ." Signing and filing a motion for stay is not "acting as an advocate at a trial."

Because neither Attorney Troutman nor Attorney Thompson has sought or obtained from this Court an excuse from filing the instant Motion on the basis of Rule 3.7, Petitioner's implicit request to proceed *pro se* on the Motion is DENIED.

---

[1] Rule 3.7 applies to cases in this Court. See S D. Ohio Rule IV adopting as Standards for Professional Conduct the Rules of Professional Conduct "adopted by the highest court of the state in which this Court sits."

In addition, the Motion is STRICKEN because a party represented by counsel may not file papers *pro se*. 28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel." The disjunctive "or" in the statute means that a litigant must choose between proceeding *pro se* and proceeding with the assistance of counsel. *McKaskle v. Wiggins*, 465 U.S. 168 (1984); *United States v. Vampire Nation*, 451 F.3d 189 (3rd Cir. 2006); *United States v. Mosely,* 910 F.2d 93, 97-98 (6th Cir. 1987)*; United States v. Jimenez-Zalapa*, No. 06-20369-B, 2007 WL 2815563 (W.D. Tenn. Sept. 25, 2007) (Breen, J.); *see also State v. Taylor,* 98 Ohio St. 3d 27, 2002-Ohio-7017, ¶ 43 .

Should counsel choose in the exercise of their professional judgment to file a renewed motion for stay, they shall accompany such motion with a copy of the filings in the Franklin County Court of Common Pleas.

January 11, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
