# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ROBERT BETHEL,

    Petitioner, : Case No. 2:10-cv-391

: District Judge Michael R. Barrett
   -vs-    Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

: 

    Respondent.

## DECISION AND ORDER DENYING MOTION FOR LEAVE TO PROCEED *PRO SE* ON MOTION TO STAY

This capital habeas corpus case is before the Court on *pro se* Petitioner Robert Bethel's Motion for Leave to Proceed Pro Se on his Motion to Stay Habeas Corpus Proceedings (ECF No. 165). Without awaiting a decision on that Motion, Petitioner has already filed *pro se* a Motion to Stay (ECF No. 166). In connection with these filings, his counsel have filed a Notice (ECF No. 167).

Petitioner previously filed *pro se* a Motion to Stay (ECF No. 160). Bethel sought to file the Motion *pro se* because he alleged his attorneys could not ethically do so under Ohio R.Prof.Cond. 3.7. The Magistrate Judge denied the Motion because neither attorney had himself or herself sought to be excused for that reason (ECF No. 162, PageID 9322). The Court also struck the Motion because no trial attorney had signed it and the federal statutes do not permit hybrid representation. *Id.* at PageID 9323. Petitioner has filed no objections to those decisions and the time for doing so has now expired. Instead filed his Motion for Leave to Proceed *pro se*.

1

In his Motion for Leave, Bethel advises the Court that his counsel "have since filed a Notice with this Court explaining why Bethel must proceed *pro se* on this motion/claim." (ECF No. 165, PageID 9331).  The referenced Notice reads in its entirety as follows:

> Undersigned counsel discussed with Robert Bethel that they will not be representing him in his recent state court litigation, which has now been filed pro se. Robert Bethel asked for factual affidavits from Attorneys Thompson and Troutman, which they provided to him. Mr. Bethel has included the affidavits in his pro se litigation in the Franklin County Court of Common Pleas. The way in which Mr. Bethel is using those affidavits could make counsel witnesses in his pro se litigation.
>
> Counsel also notified him that they would not be filing a motion to stay his habeas litigation on the basis of his *pro se* litigation.
>
> Mr. Bethel requested that counsel file this notice with this Court regarding the fact that they will not be engaging in this litigation and he is proceeding pro se.
>
> /s/ Justin, Thompson, Jordan Berman, and Rachel Troutman

With respect, the Notice does not prove what Bethel believes it proves.  The fact that attorneys **will not** be filing a motion does not imply that they **cannot** and their client must be allowed to file the motion *pro se*.  Attorneys may have a number of good reasons besides R.Prof.Cond. 3.7 why they will not file a particular motion.  In general, Fed.R.Civ.P. 11 provides:

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument

> for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

As the text implies, one of the purposes of Rule 11 is to prevent the filings that cause unnecessary delay or are not warranted as a matter of law. An attorney might decline to file a motion because in her or his judgment it would violate Rule 11. Rule 11 applies to unrepresented parties as well as to attorneys, so the sanctions available to the Court to enforce Rule 11 are in theory equally available for *pro se* litigants as they are for attorneys. In practice, however, a death row inmate has nothing to lose by filing a motion found to violate Rule 11, whereas an attorney sanctioned under Rule 11, even by a mere finding of violation, has a permanent blot on his or her professional record.

Attorneys may well have other, perhaps strategic, reasons for declining to file a motion. In this case Petitioner's counsel have obtained Respondent's agreement with and the Court's adoption of a briefing schedule that effectively stays decision of this case until Bethel's pending appeal is decided by the Supreme Court of Ohio (ECF Nos. 163-64).

The Court accepts Petitioner's representation that he needed the Affidavits of Ms. Troutman and Mr. Thompson to support his renewed proceedings before Judge Richard Frye in the Franklin County, Ohio, Court of Common Pleas: they help explain the delay in obtaining the ballistics report on which Petitioner relies in those proceedings. That makes them witnesses in that proceeding, albeit on an ancillary issue. But the fact that Bethel is proceeding *pro se* in that matter is not proof that he was forced to by Ohio R.Prof.Cond. 3.7; either because the attorneys

3

decided *sua sponte* that Rule 3.7 applied or because Judge Frye ruled to that effect.

Bethel also disagrees with the Magistrate Judge's interpretation of Rule 3.7 as limited to trials.  He cites first *General Mill Supply Co., v. SCA Services. Inc.* (Motion, ECF No. 165, PageID 9334, citing 697 F.2d 704 (6th Cir. 1982)).  That case involved disqualification of an attorney from continuing to represent a party at all in ongoing litigation; the attorney had supplied an affidavit that was critical on a summary judgment motion.  *Id.* at 707.  The attorney's involvement was so central to the litigation that the Sixth Circuit that the court observed "Mr. Garratt is not only a witness and counsel. He is also in a realistic and not just a figurative sense, a party in interest as much as Hale & Dorr is, one whose standing and reputation is just as much at stake." *Id.* at 712.  Under those circumstances, the court upheld the disqualification, interpreting and applying American Bar Association Disciplinary Rule ("DR") 5-101(B).  As Petitioner notes, my colleague, Magistrate Judge Mark Abel, relied on *General Mill* to disqualify an attorney in and was affirmed by District Judge John D. Holschuh, Sr. in *Hood v. Midwest Sav. Bank*, (Motion, ECF No. 165, PageID 9334, citing No. 1:12-cv-112, 2001 U.S. Dist. LEXIS 24512 (S.D. Ohio, Mar. 22, 2001)).  Judge Abel disqualified the attorney under DR 5-102(B), finding:

> First, Henderson's testimony is needed to support Plaintiff's promissory estoppel claim. (Record 69 at 11). Second, Henderson was an active participant in the loan transaction and has personal knowledge regarding the terms of the loan agreement and statements made by Defendant's employees both before and after the parties entered into the loan agreement. (Record 69 at 11-12). Third, in opposing Defendant's motion for summary judgment, Plaintiff relies heavily upon Henderson's deposition testimony to establish that: (1) Defendant did not provide a settlement statement or other closing documents to Plaintiff prior to the closing; (2) the closing documents did not reflect the loan agreement; (3) Defendant agreed to disburse the first draw of the loan if Plaintiff provided documentation of work completed, and (4) Defendant's employee Frank Niven agreed to disburse the first draw of the loan if Plaintiff

4

> made payment on the mortgage. (Record 69 at 12). Finally, Defendant intends to use Henderson's testimony to contradict Plaintiff's fraud and breach of contract claims.

*Id.* at *7-8.

Finally, Bethel cites *United States v. Matsa* (Motion, ECF No. 165, PageID 9335, citing No. 2:09-cr-297, 2010 U.S. Dist. LEXIS 110870 (S.D. Ohio, Oct. 19, 2010)). In *Matsa*, District Judge Edmund A. Sargus, Jr. of this Court relied on Rule 3.7 to disqualify an attorney from appearing as trial counsel in a criminal case when the attorney had been heavily involved in responding to a grand jury subpoena and it was expected that the defendant would rely on an advice-of-counsel defense.

This case authority persuades the undersigned that his prior analysis was too cursory. In applying Rule 3.7, it is not correct to draw a bright line between what an attorney will do during trial and other parts of a case. Rule 3.7(a)[1] provides:

> A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case;
> (3) the disqualification of the lawyer would work *substantial* hardship on the client.

As can be seen by examining the lawyer testimony found to be disqualifying in the three cited cases, it was much more central to the core issues of the cases than is the attorney testimony here. That Ms. Troutman and Mr. Thompson participated at various times in attempting to obtain funding for a ballistics expert is likely to be uncontested. Of course, the significance of that

---

[1] Rule 3.7 substantially re-codifies DR 5-102 so that applications of the older rule can confidently be applied to the newer.

testimony will be for Judge Frye to determine in the first instance, but they are not appearing as advocates in Bethel's most recent filing in Judge Frye's court.

To distinguish situations in which an attorney could provide testimony in a trial or other evidence-weighing setting (*e.g.* on summary judgment), one can imagine an attorney being present during commission of a crime and later being called as an eyewitness, either at trial or at a motion to suppress hearing. Such an attorney would be required to be disqualified under Rule 3.7, but the Rule does not require disqualification here. That is particularly true because acting as an advocate for a stay would not necessarily be advocating on the merits on the state court proceeding.

Accordingly, Petitioner's Motion for Leave to Proceed *pro se* on a motion for stay (ECF No. 165) is DENIED. Petitioner's *pro se* Motion for Stay (ECF No. 166), filed without leave of Court, is STRICKEN.

February 2, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
