# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ROBERT BETHEL,

:

    Petitioner,

Case No. 2:10-cv-391

:

    -vs-

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

:

    Respondent.

---

# SUPPLEMENTAL MEMORANDUM ON PETITIONER'S MOTION TO PROCEED *PRO SE*

---

This capital habeas corpus case is before the Court on Petitioner's *pro se* Objections (ECF No. 169) to the Magistrate Judge's Order denying Petitioner leave to proceed *pro se* on a motion to stay these proceedings under *Rhines v. Weber*, 544 U.S. 269 (2005)(ECF No. 168). Judge Barrett has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 170).

Petitioner Robert Bethel is represented in this habeas corpus litigation and the parallel action under 42 U.S.C. § 1983[1] by attorneys from both the Capital Habeas Unit of the Federal Defender's Office (Justin Thompson) and the Death Penalty Section of the Ohio Public Defender's Office (Rachel Troutman). Despite that representation, which often extends in capital cases to follow-on state court litigation, these attorneys have refused to file on Bethel's behalf in the Franklin County Court of Common Pleas his "Motion For Post-Conviction Relief Under Ohio

---

[1] In re Ohio Lethal Injection Protocol Litig., Case No. 2:11-cv-1016.

1

Rev. Code § 2953.23; Motion For Leave To File A Delayed Motion For New Trial under Ohio Crim. R. 33(B); and his Motion For New Trial under Ohio Crim. R. 33(A)(l)." Instead Bethel has filed those Motions in Common Pleas Court *pro se*. Having done so, he seeks to stay these proceedings pending the outcome of the litigation before Judge Frye. However, his trial attorneys have also declined to file a motion to stay on his behalf. Bethel also seeks to litigate the motion to stay *pro se*, but the Magistrate Judge refused because of the bar of hybrid representation in federal courts[2].

Bethel has countered by arguing, again *pro se*, that his attorneys could not represent him in either the follow-on state litigation or on a motion to stay because they are necessary witnesses on both motions, providing affidavits to explain that they sought for a long time and were only recently successful in obtaining a forensic expert firearms report which allegedly undermines key trial evidence. Bethel argues that this disqualifies them under Ohio R. Prof. Conduct 3.7 from acting as advocates either before Judge Frye or in this Court. No judge, acting either *sua sponte* or on motion, has disqualified them from thus appearing. Indeed neither attorney has argued to this Court or to Judge Frye that they are disqualified from appearing on these motions. Instead, it is entirely Bethel's *pro se* interpretation of Rule 3.7 on which he relies.

Rule 3.7(a) provides:

> A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case;
> (3) the disqualification of the lawyer would work *substantial*

---

[2] A party represented by counsel may not file papers *pro se*. 28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel." The disjunctive "or" in the statute means that a litigant must choose between proceeding *pro se* and proceeding with the assistance of counsel. *United States v. Jimenez-Zalapa*, 2007 WL 2815563 (W.D. Tenn. 2007)(Breen, J.); *see also United States v. Mosely,* 910 F.2d 93, 97-98 (6th Cir. 1987)*; United States v. Vampire Nation*, 451 F.3d 189 (3rd Cir. 2006).

      hardship on the client.

The principal rationale of the rule is to prevent confusion in the minds of the jury between attorney roles, a concern not applicable here. As the cases discussed in the Decision objected to indicate, the prohibition extends to, for example, the summary judgment context where an attorney is a key witness on a material fact, e.g., the drafting of a contract. In the instant context, the lawyers are necessary fact witnesses to essentially uncontested facts: when did they apply for expert assistance and how did the courts react. In any event if the lawyers believed in the exercise of their professional judgment that they could not ethically litigate the motion to stay, that would in no way prevent them from telling this Court that that was their professional judgment and moving the Court to allow Bethel to proceed *pro se;* nothing in Rule 3.7 speaks to that situation, yet the trial attorneys have declined to file a motion to allow Bethel to proceed *pro se* on the motion to stay.

This Court has consistently enforced the unitary representation rule in capital litigation. The reasons are straightforward: capital habeas petitioners have every reason to delay finality of their cases. Having multiple persons taking positions on behalf of a party in these cases adds more complexity to cases already difficult to adjudicate. And, as noted in the Decision, *pro se* petitioners cannot be deterred with the threat of sanctions under Fed.R.Civ.P. 11.

Bethel has presented no persuasive reason why he should be permitted to proceed *pro se* on a motion to stay. His Objections should be overruled.

February 25, 2021.

                                                          s/ *Michael R. Merz*
                                                       United States Magistrate Judge