UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Bethel,

    Petitioner,

        v.                                  Case No.   2:10cv391

Warden Ohio State Penitentiary,        Judge Michael R. Barrett

    Respondent.

### ORDER

This matter is before the Court on Petitioner's Objections (Doc. 169) to the Magistrate Judge's Decision and Order Denying Motion for Leave to Proceed Pro Se on Motion to Stay (Doc. 168) and Petitioner's Objections (Doc. 172) to the Magistrate Judge's Supplemental Memorandum on Petitioner's Motion to Proceed *Pro Se* (Doc. 171).  Also before the Court is Petitioner's Objections (Doc. 178) to the Magistrate Judge's Decision and Order Denying Petitioner's Renewed Motion to Proceed Pro Se on his Motion to Stay (Doc. 176).

### I. BACKGROUND

This is a capital habeas petition brought pursuant to 28 U.S.C. § 2254.  Petitioner is represented by attorneys Justin Thompson, Jordan Berman and Rachel Troutman in this matter.  Petitioner is simultaneously proceeding *pro se* in proceedings before Judge Richard Frye in the Franklin County, Ohio, Court of Common Pleas.  In those proceedings, Petitioner is relying on the affidavits of Ms. Troutman and Mr. Thompson to help explain the delay in obtaining the ballistics report which forms the basis of Petitioner's request for a new trial.  (See Doc. 167).

On January 28, 2021, Petitioner filed a Motion for Leave to Proceed Pro Se on his Motion to Stay Habeas Corpus Proceedings. (Doc. 165). On that same date, Petitioner also filed the Motion to Stay, seeking to stay these proceedings pending the outcome of the litigation before Judge Frye. (Doc. 166). Petitioner explained that he was requesting to file the Motion to Stay *pro se* because his attorneys could not ethically file the motion under Ohio Rule of Professional Conduct 3.7. In his Decision and Order Denying Motion for Leave to Proceed Pro Se on Motion to Stay, the Magistrate Judge denied the Motion for Leave, and struck the Motion to Stay. (Doc. 168). The Magistrate Judge concluded that Ohio Rule of Professional Conduct 3.7 does not require disqualification. The Magistrate Judge explained that even though Ohio Rule of Professional Conduct 3.7 may bar an attorney from acting as an advocate in proceedings other than just trial, those proceedings involved the weighing of evidence. The Magistrate Judge noted that in this situation, acting as an advocate for a stay would not necessarily be advocating on the merits on the state court proceeding; and therefore, disqualification was not required. (Doc. 168, PAGEID 9499).

Plaintiff filed objections (Doc. 169) to the Decision and Order Denying Motion for Leave to Proceed Pro Se on Motion to Stay, and explained that he needs the affidavits of counsel not only to support his state court motion for a new trial, but also to support a motion to stay in this court. Petitioner maintains that because the testimony of counsel is necessary for a motion to stay, Ohio Rule of Professional Conduct 3.7 is applicable.

Following the filing of Petitioner's objections, this Court ordered the matter

2

recommitted to the Magistrate Judge, who issued a Supplemental Memorandum on Petitioner's Motion to Proceed *Pro Se* (Doc. 171).  In his Supplemental Memorandum, the Magistrate Judge reiterated that the cases cited by Petitioner did not lead to the conclusion that Ohio Rule of Professional Conduct 3.7 required disqualification because those cases were distinguishable; and the "[t]he principal rationale of the rule is to prevent confusion in the minds of the jury between attorney roles, a concern not applicable here." (Doc. 171, PAGEID 9514).  The Magistrate noted that in this instance, the attorneys "are necessary fact witnesses to essentially uncontested facts: when did they apply for expert assistance and how did the courts react."  (Id.)  The Magistrate Judge also noted that the attorneys themselves have not informed the Court that they are disqualified from appearing on a motion to stay; and the attorneys had not asked the Court to permit Petitioner to proceed *pro se* on a motion to stay.

In his objections to the Supplemental Memorandum (Doc. 172), Petitioner notes that Judge Frye has permitted him to proceed *pro se* in the state court proceedings despite having counsel.  Petitioner also maintains that it is unnecessary for counsel to ask the Court to file his motion to stay *pro se* because there is nothing in Ohio Rule of Professional Conduct 3.7 which requires counsel to file a motion to remove themselves. In addition, Petitioner argues that the facts in the affidavits may not be uncontested because prosecutors routinely challenge the timeliness of newly discovered evidence claims.  Finally, Petitioner argues that even though "confusion in the minds of the jury" is not a concern here, Ohio Rule of Professional Conduct 3.7 extends beyond the just the trial in a case.

While Petitioner's objections to the Magistrate Judge's Decision and Order Denying Motion for Leave to Proceed Pro Se on Motion to Stay and Supplemental Memorandum on Petitioner's Motion to Proceed *Pro Se* were pending, Petitioner filed his Renewed Motion to Proceed Pro Se on his Motion to Stay (Doc. 175). The Magistrate Judge denied the motion in his Decision and Order Denying Petitioner's Renewed Motion to Proceed Pro Se on his Motion to Stay. (Doc. 176). In his Decision, the Magistrate Judge explains that in general, a party represented by counsel may not file papers *pro se.* The Magistrate Judge cites to 28 U.S.C. § 1654, which provides that "parties may plead and conduct their own cases personally or by counsel." The Magistrate Judge explained that under the statute, Petitioner could choose to represent himself, or be represented by counsel, but hybrid representation was prevented.

In his Objections, Petitioner maintains that 28 U.S.C. § 1654 does not prevent hybrid representation because the term "case" is defined to include "controversies," and therefore his newly discovered evidence claim is a part of his "case." Petitioner also argues that even if 28 U.S.C. § 1654 does prevent hybrid representation, the Magistrate Judge has discretion to permit Petitioner to file his motion to stay *pro se* even though he is represented by counsel.

## II. ANALYSIS

### A. Standard of review

Federal Rule of Civil Procedure 72(a) provides that in reviewing timely objections to a magistrate judge's order on a nondispositive matter, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."

### B. Ohio Rule of Professional Conduct 3.7

Ohio Rule of Professional Conduct 3.7(a) provides:

A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case;

(3) the disqualification of the lawyer would work substantial hardship on the client.

Ohio R. Prof. Conduct 3.7(a). The Court finds no error in the Magistrate Judge's conclusion that Ohio Rule of Professional Conduct 3.7 does not require that Petitioner be permitted to file a motion to stay *pro se*. While the affidavits of Ms. Troutman and Mr. Thompson may be necessary to support a contested issue in Petitioner's request for a new trial in the state court proceedings, there is little danger that the testimony of Ms. Troutman and Mr. Thompson will become necessary to support any request for a stay in this case. A motion to stay would presumably need to demonstrate that a stay and abeyance is appropriate under *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). However, the unavailability of evidence when the petition was filed has been found to constitute "good cause" for a stay. *See Eatmon v. Bell*, No. 2:08-13121, 2012 WL 1048460, at *2 (E.D. Mich. Mar. 7, 2012), *report and recommendation adopted*, No. 08-13121, 2012 WL 1048575 (E.D. Mich. Mar. 28, 2012) (concluding that the unavailability of new evidence—a ballistics report—at the time petitioner filed his original habeas petition constitutes good cause for a stay) (citing *United States ex rel.*

*Strong v. Hulick*, 530 F.Supp.2d 1034, 1043 (N.D.Ill. 2008); *Ortiz v. Barkley*, 489 F.Supp.2d 369, 371 (S.D.N.Y. 2007)).

Therefore, at this stage of the proceedings, there is no indication that the testimony of Ms. Troutman and Mr. Thompson would be required to establish that Petitioner be permitted to present his unexhausted claim to state court and then return to federal court for review. As a result, the public's perception of the integrity of the proceedings is not a concern under these circumstances. *See United States v. Matsa*, No. 209CR297, 2010 WL 4117548, at *4 (S.D. Ohio Oct. 19, 2010), *aff'd*, 540 F. App'x 520 (6th Cir. 2013) (citing *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 711 (6th Cir. 1982) (in making disqualification determinations, courts must consider "the interest of the public in the proper safeguarding of the judicial process")).

The Court also finds no error in the Magistrate Judge's conclusion that 28 U.S.C. § 1654 bars Petitioner from filing a *pro se* motion to stay because Petitioner is represented by counsel in this case. The state court proceedings and these federal proceedings, albeit related, are two separate cases.

### III. **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that:

1. Petitioner's Objections (Doc. 169) to the Magistrate Judge's Decision and Order Denying Motion for Leave to Proceed Pro Se on Motion to Stay (Doc. 168) are **OVERRULED**;

2. Petitioner's Objections (Doc. 172) to the Magistrate Judge's Supplemental Memorandum on Petitioner's Motion to Proceed *Pro Se* (Doc. 171) are **OVERRULED**; and

3. Petitioner's Objections (Doc. 178) to the Magistrate Judge's Decision and Order Denying Petitioner's Renewed Motion to Proceed Pro Se on his

Motion to Stay (Doc. 176) are **OVERRULED**.

**IT IS SO ORDERED.**

                                                                   */s/ Michael R. Barrett*
                                                                   Michael R. Barrett
                                                                   United States District Judge