# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ROBERT BETHEL,

    Petitioner,

    -vs-

DAVID BOBBY, Warden,

    Respondent.

Case No. 2:10-cv-391

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

## DECISION AND ORDER ON MOTION TO STAY AND HOLD IN ABEYANCE

This capital habeas corpus case is before the Court on Petitioner Robert Bethel's Motion to Stay Habeas Case and Hold in Abeyance for Exhaustion of New Claims in State Court (ECF No. 185). Respondent is opposed (ECF No. 187), and Petitioner has filed a Reply in support (ECF No. 188).

A motion to hold in abeyance is a non-dispositive pre-trial motion within the initial decisional authority of an assigned Magistrate Judge. Fed.R.Civ.P. 72(a). *See Carter v. Mitchell*, 829 F.3d 455 (6th Cir. 2016) (appeal from Magistrate Judge decision denying motion to stay, in which the circuit court raised no question as to jurisdiction or propriety).

In Claim Eighteen, Bethel avers he received ineffective assistance of trial counsel when his attorneys failed to obtain and present, *inter alia,* expert ballistics testimony, which would have undermined the reliability of his proffer to the police (Am. Petition, ECF No. 186-1, PageID 10391-96). Bethel is currently litigating *pro se* in state court claims arising out of a newly-obtained ballistics report by a John Nixon ("Nixon Report," ECF No. 160-1). Bethel claims that the Nixon

1

Report demonstrates that his proffer—the key piece of evidence against him—was not consistent with objective evidence (Motion, ECF No. 185, PageID 10302-03, citing Nixon Report, ECF No. 160-1, PageID 9285-87).  In light of *Cullen v. Pinholster* and *Shinn v. Martinez Ramirez*, the only way for the Nixon Report to be considered by this Court is for Petitioner to present that evidence to the state court and obtain its consideration.  (*Id*. at PageID 10303, citing *Martinez Ramirez*, 142 S.Ct. 1718 (2022); *Pinholster*, 563 U.S. 170 (2011)).

The Warden opposes this Motion on two grounds.  *First*, the Warden asserts that the pending Amended Petition is not a "mixed petition" of exhausted and unexhausted claims—the type of petition for which a stay was contemplated in *Rhines v. Weber* (Memo. in Opp., ECF No. 187, PageID 10434, citing *Rhines*, 544 U.S. 269 (2005)).  The Warden argues that because the state court adjudicated the merits of the claim, it is not unexhausted at all.  Rather, Petitioner is merely seeking to exhaust consideration of new *evidence*, which does not render a petition mixed. (*Id*., quoting Motion, ECF No. 160, PageID 9259; citing *Rhines*, 544 U.S. at 276-78; *State v. Bethel*, 10th Dist. Franklin No. 07-AP-810, 2008-Ohio-2697, ¶¶ 45-46 (Jun. 5, 2006)).  *Second*, the claim has already been adjudicated as meritless by the Tenth District Court of Appeals, which concluded that: "Bethel recorded the proffer years after the homicides.  Thus, whether some details in Bethel's proffer did not squarely match up with evidence at the murder scene is not itself dispositive of the general reliability or truthfulness of the statement." (Memo. in Opp., ECF No. 187, PageID 10435, quoting *Bethel*, 2008-Ohio-2697, ¶ 46).  Therefore, even if the claim were not *per se* exhausted in the state court, it would nonetheless be precluded by *res judicata* (Memo. in Opp., ECF No. 187, PageID 10435, quoting *State v. Clemmons*, 2d Dist. Montgomery No. 28085, 2019-Ohio-2997, ¶ 25 (Jul. 26, 2019); citing *Coulson v. Coulson*, 5 Ohio St. 3d 12, 13 (1983)).  Consequently, staying the case for this plainly meritless claim would serve no purpose and, indeed,

would contravene the strong interest in resolving federal habeas litigation.  (*Id.*, quoting *Martinez Ramirez*, 142 S.Ct. at 1731; *Harrington v. Richter*, 562 U.S. 86, 103 (2011).)

As Petitioner correctly notes, the strong interest in resolving litigation intersects with another strong interest discussed in that case—federal-state comity and the principle that state courts should be the place where claims and evidence are first presented (Reply, ECF No. 188, PageID 10438, citing *Martinez Ramirez*, 142 S.Ct. at 1732.)  The issue of *res judicata* is a state procedural law matter that has not yet been opined upon by the state court, which is the proper venue for determining whether and how to apply the procedural bar.  (*Id.*, quoting *Cunningham v. Hudson*, 756 F.3d 477, 483 (6th Cir. 2014).)  Concluding that a claim would be foreclosed in state court by *res judicata*, *i.e.*, opining how state law would be applied in state court, could be construed as an advisory opinion, which federal courts may not issue.  *See, e.g.*, *Trans Union, LLC v. Ramirez*, 141 S.Ct. 2190, 2203 (2021).

A proposed stay to exhaust new evidence was presented to this Court in the Cedric Carter capital case.  In *Carter v. Mitchell*, 829 F.3d 455 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit upheld our denial of a stay pending exhaustion of new evidence, holding that:

> "Carter seeks to use *Rhines* as an end-run around *Pinholster*, with the added benefit that a return to state court might delay his impending death sentence for a substantial period." . . . The circumstances of this case do not "allow us to extend *Rhines* stays to encompass 'unexhausted evidence,' and does not entitle Carter to a trip back to state court.  Moreover, we are aware of AEDPA's purpose of achieving finality, and must keep that interest in mind when deciding the propriety of a stay. See [*Ryan v.*] *Gonzales*, 133 S.Ct. at 709; *Rhines* [*v. Weber*], 544 U.S. at 277-78.  Allowing a petitioner periodically to discover (or rediscover) information about himself would frustrate that goal, and could incentivize capital defendants to 'deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death.'" *Rhines*, 544 U.S. at 277-78.

3

*Id.* at 467. Indeed, as this Court had recognized in the decision appealed from in *Carter* "the word 'evidence' does not appear anywhere in *Rhines*." *Id.* at 465.

The Warden is correct that this is not truly a new claim, and thus the Amended Petition is not a mixed petition subject to *Rhines'* stay and abeyance. Petitioner concedes that he "has raised similar claims," but argues that "he has not previously raised claims based on the newly generated ballistics report." (Reply, ECF No. 188, PageID 10439.) Petitioner asserts that the new evidence fundamentally alters his existing, previously litigated claims into *de facto* new ones. (*Id*. at PageID 10440, citing *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *Richey v. Bradshaw*, 498 F.3d 344, 352 (6th Cir. 2007); *Sampson v. Love*, 782 F.2d 53, 57 n.7 (6th Cir. 1986); Memo. in Opp., ECF No. 187, PageID 10434.) Yet, Petitioner has maintained all along that the inconsistencies between the proffer and physical evidence rendered the proffer unreliable as evidence of guilt, and that "counsel was ineffective in failing to acquire a ballistics expert[.]" *Bethel*, 2008-Ohio-2697, ¶ 45. Moreover, the cases to which he cites concern the circumstances in which *habeas* courts can hear new evidence—and importantly, they all predate *Pinholster* and *Martinez Ramirez*. Thus, Petitioner's argument is not persuasive.

Petitioner notes that, in light of *Pinholster* and its progeny, the state court is the appropriate venue in which to present and exhaust new evidence (Reply, ECF No. 188, PageID 10440-41, citing *Pinholster*, 563 U.S. at 186; *Monroe v. Houk*, No. 2:07-cv- 258, 2017 WL 11583140, at *4 (S.D. Ohio Sept. 18, 2017) (Merz, Mag. J.), *adopted at* 2020 WL 6390062 (Nov. 2, 2020) (Morrison, J.)). Yet, Petitioner has already been pursuing this new evidence in state court, and nothing in this Court's Order precludes him from continuing to do so. If Petitioner exhausts this evidence, this Court may be able to consider it via an amended petition. Also, Petitioner is concerned "that the state court litigation Bethel is pursuing is not progressing quickly enough to

4

catch up to his federal habeas case." (Petition, ECF No. 180, PageID 10296.) This is a valid concern, especially if this Court adjudicates the instant habeas petition without being able to consider the Nixon Report. Nonetheless, this case has been pending for more than twelve years, and as the Supreme Court emphasized, this Court "may *never* 'needlessly prolong' a federal habeas case, particularly given the 'essential' need to promote finality of state convictions." *Martinez Ramirez*, 142 S.Ct. at 1739 (emphasis in original), citing *Pinholster*, 563 U.S. at 209; *Calderon v. Thompson*, 523 U.S. 538, 555 (1998). The new evidence simply does not rise to the level of the rare instance when stay and abeyance is appropriate. *Rhines*, 544 U.S. at 277

For the foregoing reasons, Petitioner's Motion to Stay and Abey (ECF No. 185) is **DENIED**. The instant Amended Petition (ECF No. 186-1) remains pending and the case active before this Court.

August 15, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

5