# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ROBERT BETHEL,

:

    Petitioner,                                   Case No. 2:10-cv-391

:            District Judge Michael R. Barrett

   -vs-                                          Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

:

    Respondent.

---

## DECISION AND ORDER ON *PRO SE* MOTIONS TO WITHDRAW *BRADY* CLAIM

This capital habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner Robert Bethel's *Pro Se* Motion of Waiver Re: Amended Habeas Petition Claim (ECF No. 200); Second Motion Re: Waiver of Habeas Petition Claim (ECF No. 203); and Third Motion Re: Waiver of Habeas Petition Claim (ECF No. 208). For the following reasons, the motions are DENIED.

Petitioner is represented in this case by counsel from both the Capital Habeas Unit of the Federal Public Defender's Office for this District: Justin Thompson, who is designated as trial attorney; Jordan Berman from the same office; and Rachel Troutman of the Death Penalty Division of the Ohio Public Defender's Office.  Petitioner has a history of filing unsuccessful *pro se* motions in this matter. (ECF Nos. 160, 161, 165, 166, 168, 175, 176).

In the motions now before the Court, Petitioner takes issue with the way his counsel pled Claim Fifteen in his Amended Petition. Claim Fifteen seeks relief pursuant to *Brady v. Maryland*,

373 U.S. 83 (1963), alleging that the prosecution failed to disclose police reports to the defense. These reports allegedly demonstrate that the state's "star witness," Donald Langbein, who provided the sole proof of the specifications for capital murder, was actually the principal offender of the crime. ECF No. 186-1 at PageID 10374-10382. Petitioner objects to, and seeks to withdraw the following two paragraphs in Claim Fifteen (ECF No. 200):

> **{237}** Ronald Janes, who was one of Bethel's first set of trial counsel, also expressed that he is "positive" that he never received Summary 86 concerning Withers. (Janes Affidavit, ECF 124-2, PageID 8849.) Janes was clear that he had not received this police summary or the police report about Williams and found it "very upsetting ... that they were never turned over" because they "are the most helpful pieces of evidence in Bethel's defense that I have seen to date in the case."(Id.) Janes stated that the suppressed reports "shed a whole different light on this case" and would have prevented him from "allow[ing] the plea deal and the proffer to have taken place as they happened." (Id. at PageID 8850.)
>
> **{247}** Bethel has exhausted this Brady claim. He exhausted the information concerning Shannon Williams in 2010. See *State v. Bethel*, Ohio Ct. App. No. 09AP-924, 2010 WL 323948(Aug. 17, 2010); *State v. Bethel*, 974 N.E.3d 112 (Ohio 2010) (discretionary appeal not accepted). He exhausted the remaining evidence in a Motion for New Trial in 2018, which the Ohio Supreme Court denied on March 22, 2022. *State v. Bethel,* Ohio No. 2020-0648, --- N.E. 3d ---, 2022 WL 838337 (Mar. 22, 2022). That Court found that the affidavits from Bethel's prior counsel are sufficient to "establish a prima facie claim that the prosecution suppressed Summary 86" but that he "has not shown by clear and convincing evidence that no reasonable fact-finder would have found him guilty or eligible for the death sentence but for constitutional error at trial." Id. at *5, 7. Two judges dissented, writing that "Bethel made an adequate showing that he may be entitled to a new trial." Id. at *14 (Donnelly, J., dissenting). In particular, in light of prior counsel's affidavits, "the suppressed evidence might have served to deprive the state of Bethel's confession, a confession that the majority concedes was the most significant evidence of Bethel's guilt at trial." Id. at *13 (Donnelly, J., dissenting).

*Id.* at PageID 10379, 10382. Citing *Robertson v. Lucas*, 753 F.3d 606 (6th Cir. 2014), a civil rights case addressing qualified immunity, Petitioner argues that "clearly established law" limits *Brady* to a trial right only, he cannot obtain relief under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") for a plea-bargain *Brady* claim, and ¶237 and ¶247 of Claim Fifteen should be withdrawn. ECF Nos. 200 at PageID 11494; 200-2; 202 at PageID 11515; 208 at PageID 11537.

The Court issued an Order to Show Cause on March 14, 2023, directing Petitioner's counsel to respond to his motion to withdraw the selected paragraphs of his *Brady* claim. ECF No. 202. Counsel sought and obtained permission to file their response under seal. ECF Nos. 204-206. The sealed pleading explains counsel's position on this issue, including their legal position that the portions of Claim Fifteen that Petitioner seeks to strike are not a separate *Brady* claim, but various arguments about how the Petitioner was prejudiced by the prosecution's failure to disclose the suppressed documents.

By way of relevant background, the Petitioner makes the following allegations with respect to the events that occurred during his plea bargain that was subsequently withdrawn:

> **{35}** Because of the lack of investigation, and pressure from his defense team and mother, Bethel believed his only choice was to plead guilty, or he would get a death sentence. (Tr. Vol. XIII at 68–71.) He knew that the deal was contingent on an agreement from him to give a statement and to testify against Chavis. (Tr. Vol. IV at 67, 69, 94.) He also knew that he would not testify against Chavis, but was left with the impression by his attorneys that if he later refused to testify, his statement could not be used against him unless he testified at his own trial. (Tr. Vol. IV at 77–81, 113; Vol. XIII at 77, 81.) The plea agreement and proffer letter supported his impression. (Def.'s Exs. 2, 3.)
>
> **{36}** To prepare for the proffer, prosecutors provided Bethel with several videotapes of State's witnesses. (Tr. Vol. IV at 128, 174, 176–77; Vol. X at 179.) Bethel had also reviewed the coroners' reports, pictures, witness statements, and police summaries that had

> been provided to his counsel. He implicated himself and Chavis in the murders. (Tr. Vol. III at 2.)
>
> **{37}** On November 13, 2002, the trial of co-defendant Chavis began. (Tr. Vol. III at 3.) When Bethel ultimately refused to testify against Chavis, the State moved to withdraw the guilty plea. (Id. at 3–4.) The trial court granted the State's motion. (Id. at 8–9.)
>
> **{38}** On December 18, 2001, the State moved to declare the plea contract null and void. (Motion No. 110.) The trial court granted the motion. (Entry No. 111, filed Dec. 18, 2001.)
>
> **{39}** With new counsel appointed, Bethel moved to suppress his proffer statement. (Motion No. 158.) The trial court determined that the plea agreement was a contract, and characterized the conflicting provisions as "inartfully stated." (Tr. Vol. V at 5, 8.) But the court held that Bethel understood, agreed to, and then breached the plea agreement. (Id. at 5, 6, 8.) The proffer statement was ruled admissible at Bethel's trial. (Id. at 9.)

ECF 186-1 at PageID 10324-10325.  Claim Fifteen in Petitioner's Amended Petition argues that Petitioner was prejudiced by the alleged suppression of exculpatory police reports because disclosure would have prevented the plea, and thus prevented the incriminating plea proffer that was introduced at trial. ECF No. 186-1 at PageID 10379-10382.

In *United States v. Ruiz*, 536 U.S. 622 (2002), the United States Supreme Court held that the Constitution does not require the government to disclose impeachment information prior to entering into a plea agreement with criminal defendant. However, *Ruiz* left open the government's duty with respect to pre-plea disclosure of exculpatory evidence which spawned a circuit split that persists to date. *See United States v. Mathur*, 624 F.3d 498, 507 (1st Cir. 2010) ("the right memorialized in *Brady* is a trial right"); *Friedman v. Rehal*, 618 F.3d 142, 154 (2d Cir. 2010) ("[t]he government's obligation [under *Brady*] is pertinent not only to an accused's preparation for trial but also to his determination of whether or not to plead guilty."); *United States v. Moussaoui*, 591 F.3d 263, 285 (4th Cir. 2010), *as amended* (Feb. 9, 2010), *as amended* (Feb. 9, 2010), *as*

*amended* (Feb. 9, 2010) ("The *Brady* right, however, is a *trial* right"); *Alvarez v. City of Brownsville*, 904 F.3d 382, 392 (5th Cir. 2018) ("[the defendant's] guilty plea precludes her from claiming that the government's failure to disclose ... was a *Brady* violation."); *Miller v. Gettel*, 2023 WL 2945340, at *7 (6th Cir. Apr. 14, 2023), citing *Robertson v. Lucas*, 753 F.3d 606, 621–22 (6th Cir. 2014)("In the § 1983 context, however, we have held that there is no 'clearly established obligation [for state and federal law enforcement officers] to disclose exculpatory *Brady* material to the prosecutors in time to be put to effective use in plea bargaining.'"); *McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003) ("*Ruiz* indicates a significant distinction between impeachment information and exculpatory evidence… it is highly likely that the Supreme Court would find a violation of the Due Process Clause if prosecutors…fail to disclose such information to a defendant before he enters into a guilty plea."); *Smith v. Baldwin*, 510 F.3d 1127, 1148 (9th Cir. 2007) (recognizing the applicability of *Brady* to plea bargains); *United States v. Ohiri*, 133 F. App'x 555, 562 (10th Cir. 2005) ("The Government's obligation to disclose *Brady* materials is pertinent to the accused's decision to plead guilty; the defendant is entitled to make that decision with full awareness of favorable [exculpatory and impeachment] evidence known to the Government."). Matters are further complicated by Petitioner's case, which does not involve the voluntariness of a plea, but the effect of non-disclosure on the use of the plea proffer at Petitioner's subsequent trial.

Petitioner has already been advised, on multiple occasions, that he has no right to represent himself in these proceedings. *See* ECF Nos. 161, 168, 176. As a general matter, a party represented by counsel may not file papers *pro se*. 28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel." The disjunctive "or" in the statute means that a litigant must choose between proceeding *pro se* and proceeding with the assistance of counsel.

5

*United States v. Jimenez-Zalapa*, No. 06-20369-B, 2007 WL 2815563 (W.D. Tenn. Sept. 25, 2007) (Breen, D.J.); *see also United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987)*; McKaskle v. Wiggins*, 465 U.S. 168 (1984) (holding there is no constitutional right to hybrid representation).

Petitioner's lack of formal legal education creates a disadvantage to his ability to foresee a successful result for Claim Fifteen in the manner it has been plead by his counsel. Indeed, Petitioner's case presents unique and nuanced issues, yet to be determined by the Court, because the factual basis for his withdrawn plea was used as confession evidence against him at trial. Petitioner is facing the death penalty and his counsel has a duty to make reasonable efforts to spare his life, including good faith arguments that *Brady* extends to the evidence that was allegedly suppressed by the prosecution, both during the plea-bargaining process and prior to trial. Petitioner believes that any *Brady* claim associated with his plea bargain will not ultimately be successful but fails to identify how he would be prejudiced if the Court denies his motion. To the contrary, due to the intertwined nature of the factual basis with both the plea and the trial, unintended consequences prejudicial to Petitioner's pursuit of Claim Fifteen may occur if the Court permits him to withdraw ¶237 and ¶247 of the Amended Complaint.

For the foregoing reasons, Petitioner's *Pro Se* Motion of Waiver Re: Amended Habeas Petition Claim (ECF No. 200); Second Motion Re: Waiver of Habeas Petition Claim (ECF No. 203); and Third Motion Re: Waiver of Habeas Petition Claim (ECF No. 208) are DENIED.

May 17, 2023.

s/ *Michael R. Merz*<br>United States Magistrate Judge