IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

ROBERT BETHEL,

    Petitioner,

    -vs-

DAVID BOBBY, Warden,

    Respondent.

:

:

:

Case No. 2:10-cv-391

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

## DECISION AND ORDER

This capital habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner Robert Bethel's "Motion to Reconsider Order Denying Motion for Leave to Stay Proceedings" (ECF No. 213) and his "Renewed Motion of Waiver Re: Amended Habeas Petition Claim" (ECF No. 214). Both Motions are made pursuant to Fed.R.Civ.P. 54(b) and both were filed by the Petitioner *pro se*.

Respondent opposes both Motions on the grounds that Petitioner is not entitled to have *pro se* motions considered by the Court because he has competent death penalty counsel who have been vigorously representing him throughout these proceedings (ECF No. 216).

Responding to the Court's invitation, Bethel's counsel wrote:

> This Court has "consistently enforced the unitary representation rule in capital litigation." Order, ECF 171, PageID 9514.) And in denying Bethel's requests for hybrid representation, this Court has relied on the clear language of 28 U.S.C. § 1654, which provides that "parties may plead and conduct their own cases personally or by counsel." (Order, ECF 176, PageID 10221.) In justifying such an approach, this Court has noted that "having multiple persons taking positions on

> behalf of a party in these cases add more complexity to cases already difficult to adjudicate." (ECF 171, PageID 9514.) This Court also noted that pro se petitioners "cannot be deterred with the threat of sanctions under Fed.R.Civ.P. 11." (Id.) In light of this Court's consistent application of the unitary representation rule, Bethel's pro se motions do not require any action by this Court.

(Response, ECF No. 218, PageID 11585).

The Orders on which reconsideration is sought were entered prejudgment. Prejudgment orders remain interlocutory and can be reconsidered at any time." Moore's Federal Practice at ¶0.404.  The Court acknowledges its authority under Fed.R.Civ.P. 54(b) to reconsider these Orders.

Nevertheless, courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided.  They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

Because it is under no obligation to do so, the Court declines to reconsider its Orders Denying Motion for Leave to Stay Proceedings" (ECF No. 213) and "Renewed Motion of Waiver Re: Amended Habeas Petition Claim" (ECF No. 214).  The Motions to Reconsider are DENIED.

January 2, 2024.

s/ *Michael R. Merz*<br>
United States Magistrate Judge