# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ROBERT BETHEL,

    Petitioner,                 Case No. 2:10-cv-391

    -vs-                        District Judge Michael R. Barrett
                            Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

    Respondent.

## DECISION AND ORDER

        This capital habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner Robert Bethel's *pro se* Motion to Compel Counsel's Compliance with 28 U.S.C. § 2242 (ECF No. 221). Neither Petitioner's counsel nor Respondent have filed any response to the Motion.

        Rule 2(b)(5) of the Rules Governing § 2254 Cases requires that a habeas corpus petition "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."

        On June 23, 2022, Petitioner's counsel filed the currently operative Amended Petition in this case (ECF No. 186). That filing was pursuant to permission granted by, and in timely compliance with, this Court's Order of January 21, 2021 (ECF No. 164). The Amended Petition is signed and verified by Jordan Berman, Petitioner's counsel, purportedly in accordance with 28 U.S.C. § 2242 (ECF No. 186-1, PageID 10431).

        Six months later on December 12, 2022, Petitioner filed his *pro se* Motion of Waiver Re:

Amended Habeas Petition Claim in which he sought to waive his "*Brady v. Maryland*, 373 U.S. 83 (1963) claim as it pertains to his guilty plea (ECF 186-1, Page ID 10379 ¶ 237, 10381-10382 ¶ 247; ECF 198, Page ID 11368-11369)." (ECF No. 200, PageID 11492).  The Court ordered Petitioner's counsel to show cause why they should not be ordered to dismiss that claim with prejudice (ECF No. 202).  Before a return on that Order was due, Bethel filed a memorandum in support of waiver (styled "Second Motion")(ECF No. 203).

After a number of other filings on the question, the undersigned entered a Decision and Order again denying Bethel's waiver request (ECF No. 219).  The Court declined to reconsider matters already ruled upon and in large part relied on the unitary representation rule which requires that a person represented by counsel be heard through that counsel.  Undeterred, Petitioner filed the instant Motion to Compel.

Counsel have confirmed with Petitioner that he does not wish to waive altogether his claim under *Brady v. Maryland*, 373 U.S. 83 (1963), but only certain arguments made in the Petition in support of that claim.  While a habeas petitioner has the right to waive entire claims and indeed to waive the entirety of his habeas litigation, he does not have the right to insist that certain arguments be made and others not.  Attorneys are independent professionals with a primary duty to clients, but also with duties to the Court and to the law as a whole.  The unitary representation rule protects that professional independence.

Petitioner relies on *Benner v. Coyle,* 1999 U.S. App. LEXIS 38840 (6th Cir. 1999)[1], to support his Motion for Waiver, but *Benner* does not compel or even suggest the result for which it is cited.  In that case the petitioner claimed under Rule 2 that because he had not signed the habeas corpus petition, the trial court did not have jurisdiction and he was entitled to a remand to amend

---

[1] At the time *Benner* was decided, it was designated an unpublished decision only citable in certain limited circumstances.  That Rule has since been liberalized.

his petition. The court held the signature requirement in Rule 2 is not jurisdictional and the petition had been signed by Benner's counsel. This meant he had presumptively authorized the filing and other actions by Benner had ratified the presumption.

Bethel argues that because he did not authorize the filing of the Amended Petition in its present form, he is entitled to compel counsel to amend it further to eliminate the arguments he does not wish to have made. Not so. Bethel does not claim he did not authorize the Amended Petition or its inclusion of a claim under *Brady*. Given that state of the case, the arguments to be made in support of that claim are within the professional judgment of counsel and cannot be dictated by Petitioner. The fact that Bethel did not authorize particular arguments – an assertion, the Magistrate Judge accepts -- does not logically imply he has the right to have those arguments stricken.

Bethel retains the right to discharge his counsel and proceed *pro se* in this case. *Faretta v. California,* 422 U.S. 806, 835 (1975). But so long as he accepts representation by counsel, they have the right to choose, in their professional judgment, the arguments to be made in Petitioner's behalf. The Motion to Compel is DENIED.

September 23, 2024.

s/ *Michael R. Merz*  
United States Magistrate Judge